UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC#: _____
DATE FILED: 12/20/2022
```

**MALDONADO, ET AL.,** *on behalf of themselves and others similarly situated*

                  **Plaintiffs,**

-against-

**NEW YORK BEER CO LLC, ET AL.,**

                  **Defendants.**

**20-cv-10309 (ALC)**

**ORDER**

**ANDREW L. CARTER, JR., United States District Judge:**

    This action was initiated on December 8, 2020 and is brought under the Fair Labor Standards Act ("FLSA") and the New York Labor Law ("NYLL"). Plaintiffs originally filed their unopposed Motion for Preliminary Approval of Class and Collective Action Settlement and Dissemination of Notice to the Class on September 27, 2022. *See* ECF Nos. 62-64. In their original Motion for Preliminary Approval, Plaintiffs did not clearly indicate what the range of possible recovery would be or how much in unpaid wages is being alleged. The Court subsequently requested this information to complete its analysis of the FLSA settlement as required under *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199, 200 (2d Cir. 2015). ECF No. 66. The Court is in receipt of Plaintiffs' revised submissions. *See* ECF No. 67-69.

    **I. Preliminary Approval of the Settlement**

    Upon review of Plaintiffs' Memorandum of Law, the Declaration of Angela Kwon ("Kwon Declaration"), and all other documents submitted in connection with the Plaintiffs' Motion for Preliminary Approval, the Court grants preliminary approval of the settlement reached between the parties as set forth in the Settlement Agreement and Release (the "Settlement Agreement"),

attached to the Kwon Declaration as Exhibit A. The Court finds at this stage that the settlement is fair and reasonable.

**II.     Conditional Certification of the Proposed Rule 23 Settlement Class and FLSA Settlement Collective**

For settlement purposes only, the parties have proposed conditional certification of a settlement class composed of all current and former non-exempt employees employed by Defendants at (i) Jacob's Pickles, 509 Amsterdam Avenue, New York, NY 10024, (ii) Maison Pickle, 2315 Broadway, New York, NY 10024, (iii) Lucky Pickle Dumpling Co., 513 Amsterdam Avenue, New York, NY 10024, or (iv) Tiki Chick, 517 Amsterdam Avenue, New York, NY 10024, between December 8, 2014 and the date of the Settlement Agreement (the "Class" or "Class Members"), including a subclass consisted of all tipped employees who were employed by Defendants between December 8, 2014 and December 31, 2020 and paid at a reduced tip credit hourly rate.

The Court hereby finds that, for purposes of this settlement, the Class set forth above satisfies all of the requirements for certification under Rule 23(a) and Rule 23(b)(3). There are more than forty (40) Class Members, satisfying the numerosity requirement. Named Plaintiffs are typical and adequate representatives of the Class they seek to represent because their interests are co-extensive with those of Class Members and they have retained experienced counsel to represent them. Plaintiffs raise common questions, and the Class satisfies the predominance and superiority requirements for certification. Therefore, for settlement purposes only, the Court conditionally certifies the parties' proposed Class under Rule 23(a) and Rule 23(b)(3).

### III.     Appointment of Plaintiffs' Counsel as Class Counsel

The Court appoints Plaintiff's counsel, Brown Kwon & Lam, LLP, as Class Counsel as they meet all of the requirements of Federal Rule of Civil Procedure 23(g). Plaintiffs' counsel has years of experience prosecuting and settling wage and hour class action lawsuits, and did substantial work investigating, litigating and settling the claims of Plaintiffs and Class Members in this action. The work that Plaintiffs' counsel has performed both in litigating and settling this matter demonstrates their commitment to the Class and representing the interest of Class Members.

### IV.     Approval of the Form and Manner Distributing Notice to the Class

The Court approves the proposed Notice of Class Action Settlement ("Class Notice") attached as **Exhibit B** to the Kwon Declaration, and directs its distribution to the Class.

### V.     Class Action Settlement Procedure

The Court hereby adopts the following settlement approval process, which safeguards Class Members' procedural due process rights, enables the Court to fulfill its role as the guardian of class interests, and is consistent with the standard procedure for evaluating class action settlements. *See* Fed. R. Civ. P. 23(e):

a. Within ten (10) days of this Order, Defendants shall provide Class Counsel and the Settlement Administrator, in a Microsoft Excel spreadsheet form, the Class List, including for each Class Member, their name, last known mailing address, last known email address, job position or department, dates of employment, total hours worked between December 8, 2014 and the date of the Settlement Agreement, and social security number;

b. Within twenty (20) days of this Order, the Settlement Administrator will send via First Class Unites States Mail and electronic mail the Class Notice and opt-out form.

c. Class Members will have sixty (60) days after the date the Class Notice is disseminated to submit an opt-out statement, or object to the settlement.

d. The Court will hold a telephonic final approval hearing on April 3, 2023, at 12:00PM. All parties shall appear and should contact the Court at **1-888-363-4749 (access code: 3768660)**.

3

e. Plaintiffs shall file a motion for final approval of the settlement, together with a motion seeking the payment of attorneys' fees, costs and service awards no later than ten (10) days prior to the final approval hearing.

f. Should the Court grant Plaintiffs' motion for final approval, the Court will issue a final Order of dismissal with prejudice.

g. Upon final approval, the Settlement Administrator shall disburse the settlement funds to Named Plaintiffs, Class Members who do not timely opt out, Class Counsel and the Administrator, in accordance with the approved Settlement Agreement.

h. The parties shall abide by all terms of the Settlement Agreement.

**SO ORDERED.**

**Dated:**   **December 20, 2022**
         **New York, New York**

_____
**ANDREW L. CARTER, JR.**
**United States District Judge**